**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Carolina Uribe Borrero,

    Debtor.

Case No. 26-40008
Chapter 13 Case

**NOTICE OF HEARING AND MOTION FOR ORDER AUTHROIZING SALE OF ASSETS FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS**

The debtor, by and through its undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

1. The Court will hold a Hearing on the Motion on **Thursday, March 5, 2026 at 9:30 a.m.,** in Courtroom No. 8 West, 300 South Fourth Street, Minneapolis, MN 55415.

2. Any response to the hearing must be filed and served not later than **Thursday, February 26, 2026**, which is seven (7) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.**

3. This Court has jurisdiction over this motion under 28. U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The voluntary petition commencing this case was filed on January 2, 2026. This case is now pending before this Court.

4. This motion arises under 11 U.S.C. §§ 363(b) and (f), and Bankruptcy Rule 2002(a)(2) and 6004(f)(1). This motion is filed under Bankruptcy Rules 9014 and Local Rules 9013-1 and 9013-2.

5. By this motion, the Debtor seeks an order authorizing the sale of real property

located at 2814 West 41st Street, Minneapolis, Minnesota 55410 (the "Property"). The Property is legally described as:

> Rear or Easterly 42 feet of Lot 12, the East 42 feet of Lot 13 and the East 42 feet of the South 6 feet of Lot 14, Block 14, First Division of Remington Park, according to the recorded plat thereof, and situate in Hennepin County, Minnesota.

6. The Debtor received an offer from Michael Cima to purchase the Property for the sum of $425,000.00. The buyer is not an insider of the Debtor or known by the Debtor. The Debtor is not contributing to buyer's closing costs. Real estate taxes are current on the Property. The Debtor will pay the real estate taxes for this calendar year, prorated to the day of closing.

7. The closing for the sale of the Property is scheduled for on or about March 12, 2026.

8. The purchase price is fair for the Property. The Debtor listed the Property for sale in August 2025 at the price of $495,000. That rendered very few showings of the Property and no offers. The Debtor re-listed the Property on September 25, 2025 at $459,000. Again, no offers were received. Finally, in December 2025, the Debtor reduced the price to $444,000.

9. The Property is the Debtor's former homestead.

10. The mortgages and liens will attach to the proceeds of the sale with the same dignity and priority as such mortgages and liens attached to the Property.

11. Attached as <u>Exhibit A</u> is an Owners and Encumbrances report for the Property. The only encumbrance is a mortgage in favor of Keen Bank, N.A.

12. Attached as <u>Exhibit B</u> is a mortgage statement from Keen Bank, showing the balance owed is $338,468.67.

13. The Debtor has retained Coldwell Banker as the realtor for the sale of the Property. The Debtor requests authorization to pay the realtor commission and expenses upon the closing of the sale of the Property.

14.     If necessary, the Debtor may testify and offer additional evidence in support of this motion.

**WHEREFORE**, the Debtor moves the Court for an order:

A.      Authorizing the Debtor to sell the Property pursuant to the terms set forth herein free and clear of liens, encumbrances and other interests;

B.      That all liens, encumbrances or other interests, attach to the proceeds of the sale of the Property with the same dignity, priority and extent as held against the Property prior to the sale.  That the Debtor be authorized to pay the Keen Bank mortgage is full and prorated 2026 property taxes at the closing of the sale.

C.      That the Debtor be authorized to pay realtor commission and expenses upon the closing of the sale.

D.      That the Debtor be authorized to take such other actions and execute and deliver such additional documents or instruments as will be reasonably necessary to effectuate the transactions contemplated in this motion and to convey the Property to the buyer.

E.      Authorizing the Debtor to pay the net proceeds toward the balance owing on the mortgage on her current homestead or in the alternative, to use the net proceeds towards funding the chapter 13 plan.

SIELING LAW, PLLC

Dated: February 9, 2026

By:  *s/ Mary F. Sieling*
Mary F. Sieling, (#389893)
12800 Whitewater Dr, Ste. 100, #3201
Minnetonka, MN  55343
Phone: 612-325-1191
Email: mary@sielinglaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Carolina Uribe Borrero.

Debtor.

Case No. 25-41990
Chapter 13 Case

DECLARATION OF DEBTOR

I, Carolina Uribe Borrero, the Debtor, state under penalty of perjury that:

1. Attached as <u>Exhibit A</u> is a true and correct copy of the Owners and Encumbrances report for the property located at 2814 41st St. W Minneapolis, MN 55410.

2. Attached as <u>Exhibit B</u> is a true and correct copy of the current mortgage statement for the Keen Bank mortgage encumbering the property.

3. The other information, including the terms of the sale as set forth in the motion, is true and correct.

Dated: February 9, 2026

*/s/Carolina Uribe Borrero*

Carolina Uribe Borrero

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Carolina Uribe Borrero.

Debtor.

Case No. 26-40008
Chapter 13 Case

## MEMORANDUM OF LAW

This memorandum of law is submitted in support of the Motion for order authorizing the sale of assets free and clear of liens, encumbrances and interests.

### FACTS

The factual basis for this memorandum is set forth in the Motion and Declaration of the Debtor and those allegations are incorporated herein. All capitalized terms not defined herein have the meaning ascribed in the Motion.

### LEGAL ARGUMENT

Section 363 of the bankruptcy code provides that the trustee "after notice and a hearing may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1); *In re Hanson Industries*, 90 B.R. 405 (Bankr. D. Minn. 1988). Section 363(f) allows the sale of property "free and clear of any interest in such property of an entity other than the estate," if one of five criteria is met. *Lindsey v. Ipock*, 732 F.2d 619, 622 (8th Cir. 1984). Section 363(f)(3) authorizes the sale of property free and clear of any interest in such property of an entity other than the estate, if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property.

Courts consider the amount of the lien as well as whether the estate has any equity in the property in approving sales. *In re Riverside Inv. Partnership*, 674 F.2d 634, 640 (7th Cir. 1982). The failure to object to a proposed sale could be construed as consent to the sale. *Veltman v. Whetzal*, 93 F.3d 517, 521-522 (8th Cir. 1996).

The liens or mortgages on the Property will follow the proceeds of the sale and will be paid pursuant to the priorities set forth in the bankruptcy code. As set forth in the motion and shown on Exhibit A, Keen Bank is the only creditor with a mortgage or lien on the Property. The estimated balance owing on the mortgage is $338,468.67. The gross sale price of the Property is proposed at $425,000, which is enough to pay Keen Bank in full. Thus, the sale is proper under § 363(f)(3).

SIELING LAW, PLLC

Dated: February 9, 2026

By: *s/ Mary F. Sieling*
Mary F. Sieling, (#389893)
12800 Whitewater Dr, Ste. 100, #3201
Minnetonka, MN  55343
Phone: 612-325-1191
Email: mary@sielinglaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Carolina Uribe Borrero.

Debtor.

Case No. 26-40008
Chapter 13 Case

**ORDER AUTHORIZING SALE FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS**

This case is before the court on the Debtor's motion for an order authorizing the sale of assets free and clear of liens, encumbrances and other interests. Based on the motion and the file,

**IT IS ORDERED:**

1. The Debtor is authorized to sell the property located at 2814 West 41st Street, Minneapolis, Minnesota 55410 and legally described as:

> Rear or Easterly 42 feet of Lot 12, the East 42 feet of Lot 13 and the East 42 feet of the South 6 feet of Lot 14, Block 14, First Division of Remington Park, according to the recorded plat thereof, and situate in Hennepin County, Minnesota.

2. All liens, encumbrances or other interests shall attach to the proceeds of the sale of the Property with the same dignity, priority and extent as held against the Property prior to the sale. The Debtor is authorized to pay the Keen Bank mortgage and prorated 2026 property taxes at the closing of the sale.

3. The Debtor is authorized to pay her realtor the commission and expenses as per their application upon the closing of the sale.

4. The Debtor is authorized to take such other actions and execute and deliver such additional documents or instruments as will be reasonably necessary to effectuate the transactions contemplated in the motion and to convey the Property.

      5.      The Debtor is authorized to use the remaining net proceeds towards the mortgage on her current homestead.

Dated:                                                             Katherine A. Constantine
                                                                      Chief United States Bankruptcy Judge