UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

    Carolina Uribe Borrero,                                             Case No. 26-40008-KAC

    Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF JOINT OBJECTION OF PAWEL RZECZKOWSKI AND DEWITT LLP TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**

Pawel Rzeczkowski ("Pawel"), through his undersigned counsel DeWitt LLP ("DeWitt"), and DeWitt, through its undersigned counsel David A. Orenstein, submit this Memorandum in support of their Joint Objection to confirmation of the proposed Chapter 13 Plan, dated and filed January 2, 2026 (the "Plan"), filed by Carolina Uribe Borrero (the "Debtor").

## SUMMARY OF FACTS

The Objection sets forth, in full, the verified facts on which the Objection is based. A summary of those facts is as follows.

Pawel and the Debtor were husband and wife. During the marriage, the Debtor was the primary breadwinner. The Debtor had a substantial income and significant financial assets. Pawel was generally unemployed and had limited financial assets.

Pawel commenced dissolution proceedings in Hennepin County District Court in September of 2019. The district court ordered the Debtor to pay Pawel monthly financial support payments during the pendency of the dissolution proceedings, due to the large financial disparity that existed between the two of them.

During the pendency of the dissolution proceedings, Pawel moved the district court for a determination that a pre-nuptial agreement and a post-nuptial agreement that the parties executed in Colombia (the "Colombian Documents") shortly before and shortly after they were wed were

1

invalid and unenforceable. Under the Colombian Documents, the vast majority of assets that the parties acquired during their marriage were the Debtor's non-marital assets. The district court ruled against Pawel, declaring the Colombian Documents valid and enforceable.

The parties' marriage was dissolved under the terms of a Judgment and Decree filed June 22, 2022, following a three-day trial. The issues at trial were whether the Debtor and Pawel would have joint legal custody of their two minor children (the Debtor sought sole legal custody), whether the Debtor would be required to pay Pawel spousal maintenance, whether the Debtor would be required to pay child support, and whether Pawel qualified for a statutory award of "need-based" attorney fees, under Minn. Stat. §518.14.

Section 518.14 of the Minnesota Statutes requires a court to award attorney fees in a dissolution proceeding in an amount necessary to enable a party to carry on or contest the proceeding if the court makes certain financial findings, including that the party seeking the award of fees does not have the financial means to pay them, and if the court also finds that the fees are necessary to a good faith assertion of the rights of the party seeking the award.

Specifically, Subdivision 1 of Section 518.14 provides that an award of need-based attorney fees is mandatory, if the court makes three findings:

(1) that the fees are necessary for the good faith assertion of the party's rights in the proceeding and will not contribute unnecessarily to the length and expense of the proceeding;

(2) that the party from whom fees, costs, and disbursements are sought has the means to pay them; and

(3) that the party to whom fees, costs, and disbursements are awarded does not have the means to pay them.

Minn. Stat. §518.14 Subd. 1.

2

In the Judgment and Decree, on the issue of need-based fees, the district court found that Pawel did not have the means to pay his attorney fees due to his unemployment and lack of assets and that the Debtor had the means to pay Pawel's fees. But, the district court did not award fees, finding that Pawell failed to exercise good faith in challenging the validity and enforceability of the Colombian Documents. The district court did not address whether the fees Pawel sought were necessary for the good faith assertion of his other rights – such as his right to joint legal custody of the parties' children, even though the district court ruled **in favor** of Pawell on this issue.

Pawell appealed the Judgment and Decree on a number of grounds, including the denial of need-based attorney fees. The Court of Appeals reversed the district court on the need-based attorney fee issue and remanded the case to the district court for additional findings. The Court of Appeals stated that "[b]ecause the district court's finding that Rzeczkowski acted in bad faith relates solely to his assertion of rights regarding the Columbian documents, we must remand for additional findings addressing whether an award of need-based attorney fees is necessary for Rzeczkowski's assertion of other rights that were made in good faith." *Rzeczkowski v. Borrero*, WL 2762442 at *13 (Minn. App. April 3, 2023)

On remand, the district court accepted written submissions from the parties. Robert W. Due, a partner in the DeWitt law firm, submitted an Affidavit attesting that Pawel had incurred fees of $99,472.95, **excluding** all services relating to Pawel's efforts to invalidate the Colombian Documents, and fees of $54,668.75 on appeal. The district court again totally denied Pawel's request for an award of need-based fees, and Pawel again appealed. The Court of Appeals again reversed the district's court's fee ruling and remanded for the district court to determine the

3

amount of need-based fees to award Pawel.  *Rzeczkowski v. Borrero*, WL 4926223 (Minn. App. Ct. Dec. 2, 2024)

On the second remand, the district court awarded Pawel the full $99,472.95 in fees that he incurred in the dissolution proceedings and the full $54,668.75 in fees that he incurred on the first appeal.  The district court ordered the Debtor to pay these fees directly to the DeWitt law firm.

Debtor commenced her Chapter 13 case on January 2, 2026.  At the time, she had not paid any of the court-ordered fees to DeWitt.  In her bankruptcy schedules, she lists DeWitt as a general unsecured creditor for $155,000.  (The total award of attorney fees by the district court is $154,141.70).  The Debtor's Chapter 13 Plan proposes to treat DeWitt as a general unsecured creditor.

DeWitt and Pawel filed a Joint Proof of Claim (Proof of Claim No. 9) for $154,141.70, characterizing the claim as a priority claim for a domestic support obligation under Section 507(a) of the Bankruptcy Code.  (Pawel initially filed a separate Proof of Claim – Proof of Claim No. 2 - - but has withdrawn that Proof of Claim).  Pawel remains liable to DeWitt for the $154,141.70 in fees.

**LEGAL ANALYSIS**

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), which, among other things, amended the Bankruptcy Code to add the definition of "domestic support obligation."  11 U.S.C. § 101(14A).  Pursuant to Section 101(14A), a domestic support obligation is a debt:

(A) owed to or recoverable by –

(i)    a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative . . .

4

(B)   in the nature of alimony, maintenance, or support . . . of such spouse or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C)   established . . . by reason of . . .

   (i)    a separation agreement, divorce decree, or property settlement agreement;

   (ii)   an order of a court of record . . .

(D)   not assigned to a nongovernmental entity, unless . . . assigned voluntarily . . . for purposes of collecting the debt.

As amended by BAPCPA, Section 507(a)(1)(A) accords top priority status to "allowed unsecured claims for domestic support obligations. . . owed to or recoverable by a spouse, former spouse, or child of the debtor . . ."[1] Under Section 1322(a)(2) of the Bankruptcy Code, a Chapter 13 plan "shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 . . ." Thus, a domestic support obligation, if it is an allowed, unsecured claim, must be paid in full by a Chapter 13 plan.[2]

There is no dispute that the award of attorney fees DeWitt and Pawel claim in their joint Proof of Claim meet the third and fourth prongs of a domestic support obligation. The award was established by reason of an order of a court of record and has not been assigned to a non-governmental entity. The issue is whether the fees awarded are in the nature of alimony, maintenance, or support, and, if so, whether a debt that is in the nature of alimony, maintenance, or support that is payable to a third party (in this case, the attorney for the former spouse) rather than directly to the former spouse still qualifies as a domestic support obligation

---

[1] Pre-BAPCPA, the precursor to Section 507(a)(1)(A) was substantively identical. It accorded priority status for debts "to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child" – albeit a seventh priority rather than a first priority.
[2] Additionally, domestic support obligations are excepted from discharge under Section 523(a)(5), in language that mirrors Section 507(a)(1)(A).

5

**A. The district court's need-based attorney fee award is in the nature of maintenance.**

Under long-standing Eighth Circuit Court precedent, an award of attorney fees that is based, even only in part, on the disparate financial resources of the parties is in the nature of spousal maintenance. *Holliday v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir. 1995)

In *Kline*, the debtor was ordered, in divorce proceedings, to pay the attorney fees of his ex-wife, directly to her attorney. According to the decree of dissolution, the fee award was based on "all relevant factors, *including the financial resources of both parties*." *In re Kline*, 65 F.3d at 750. (Emphasis in original). The debtor filed a Chapter 7 petition seeking to discharge the fee award and the ex-wife's attorney, plaintiff Holliday, filed an adversary proceeding claiming that the fee award was in the nature of maintenance and therefore non-dischargeable under pre-BAPCPA Section 523(a)(5) of the Bankruptcy Code, which excepted from discharge debts "to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child." (*Id.*)

The bankruptcy court found that the award of attorney fees was a non-dischargeable debt and the federal district court reversed. The Eighth Circuit Court reversed the district court's ruling, affirming the bankruptcy court's ruling that the award of attorney fees was non-dischargeable.

The Eighth Circuit Court declared that the appeal presented two questions: "whether the fee award was intended to serve as support" and "whether an award of attorney fees that is in the nature of support is dischargeable in bankruptcy if payable directly to the attorney." (*Id.*) As to the first issue, the Eighth Circuit Court held that, because the fee award was based, in part, on the

6

financial resources of the parties, and because the debtor's ex-wife remained liable for the fees if the debtor did not pay them, the fee award was in the nature of maintenance. The Court wrote:

> We have no doubt that, if Kline's obligation is held to be dischargeable, Christy Kline could be liable in *quantum meruit* for the value of Holliday's services rendered to her during the divorce proceedings. That being the case, the state court's consideration of "the financial resources of both parties" in ordering Keith Kline to pay the fees would be for naught, simply because the award was in favor of Holliday and not Christy Kline. The record indicates that, at the time of the divorce, minimum wage income was imputed to Christy Kline and Keith Kline had monthly income of $3,583, and the decree of dissolution specifically provided that the attorney fee order was based, in part, on the financial resources of the parties. In these circumstances, we hold that the Bankruptcy Court did not err in concluding that the judgment against Kline for his former wife's attorney fees was in the nature of maintenance.

*In re Kline*, 65 F.3d at 751.[3]

In the instant case, as in *Kline*, the record of the dissolution proceeding is clear that the award of fees was based on the disparity between Pawel's limited financial resources and the significant financial resources of the Debtor. The record is also clear that Pawel remains liable for the fees if the Debtor does not pay them. Accordingly, under *Kline*, the award of fees is in the nature of spousal maintenance. *See, Phegley v. Phegley (In re Phegley)*, 443 B.R. 154, 159 (8th Cir. BAP 2011) (post-BAPCPA case affirming determination of bankruptcy court that attorney fee award in dissolution proceedings made to balance "disparities in the parties' education, training, employment history and earning capacity" was in the nature of support); *Kelley v. Nolan (In re Nolan)*, WL 3926870 (D. Minn. 2010) (post BAPCPA case affirming

---

[3] As Judge Kishel explained, under *Kline*, determining whether an award of attorney fees functions as alimony, maintenance or support is "a matter of simple economics" because "every dollar spent on attorney's fees is a dollar not available for the support of the" former spouse. *Lakeman v. Weed (In re Weed)* 479 B.R. 533, 543 (Bankr. D. Minn. 2012). Hence, the debtor, in paying the fees awarded to the ex-spouse, "frees up" for the ex-spouse's maintenance and support funds that would otherwise have gone for attorney fees, in which case, "it is properly inferred that the award was 'in the nature of' support' . . ." (*Id.*)

bankruptcy court ruling that attorney fee award in dissolution proceedings not in the nature of support where "financial disparity between parties, as found in . . . *Kline*, is not present here.")[4]

### B. The award of attorney fees is a DSO, notwithstanding that it is payable directly to Pawel's law firm, DeWitt.

*Kline* is also dispositive on whether a fee award, that is payable to the attorney for the former spouse rather than to the former spouse can be a DSO. After reviewing the law under the predecessor to Section 523(a)(5), under which, the Court noted, "an award of attorney fees, if in the nature of support, was nondischargeable even if payable to a third party", the Court ruled: "the statute [523(a)(5)] continues to except from discharge attorney fees, even if payable to an attorney rather than to a former spouse, if such fees are in the nature of maintenance or support of the former spouse or the child of the debtor." *In re Kline*, 65 F3d at 751. *Kline* remains binding authority in the Eighth Circuit, post BAPCPA. *Phegley v. Phegley (In re Phegley)*, 443 B.R. 154, 159 (8th Cir. BAP 2011).

In *Phegley*, the 8th Circuit BAP affirmed the bankruptcy court ruling that an award of attorney fees in dissolution proceedings payable directly to the attorney for the debtor's former spouse was non-dischargeable under Section 523(a)(5). In so doing, the BAP relied primarily on *Kline*. The Court wrote:

> Exceptions from discharge for spousal and child support deserve a liberal construction, and the policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor, even if the support obligation is owed directly to a third party. *See Holliday v. Kline (In re Kline)*, 65 F.3rd 749 (8th Cir. 1985)[.]

---

[4] Pre-BAPCPA, the rulings in exception to discharge cases applied equally to the issue of whether a claim was entitled to priority in a Chapter 13 case because the Code used identical language to describe both a nondischargeable debt under Section 523(a)(5) and a claim entitled to priority under 507(a)(7). *E.g., Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1142 (9th Cir. 1998). Post-BAPCPA, *Kline's* non-dischargeability ruling has been applied to Chapter 13 cases in which the issue is whether an award of attorney fees is a domestic support obligation entitled to priority under 507(a)(1)(A). *E.g. In re Andrews*, 434 B.R. 541, 546 (Bankr. W.D. Ark. 2010).

8

*In re Phegley*, 443 B.R. at 158.  *See also*, *Amos v. Carpenter (In re Amos)*, 624 B.R. 657, 662 (8th Cir. BAP 2021) (award of attorney fees in dissolution action payable directly to debtor's former spouse's attorney determined to be a domestic support obligation in debtor's Chapter 13 case and entitled to payment in full); *In re Andrews*, 434 B.R. 541, 546 (Bankr. W.D. Ark. 2010) (applying *Kline* to hold that award of attorney fees payable directly to attorney for non-debtor ex-spouse is a domestic support obligation entitled to priority under 507(a)(1)(A); *Kelly v. Burnes (In re Burnes),* 405 B.R. 654, 659 (Bankr.W.D.Mo.2009) (relying on *Kline* post-BAPCPA because no substantive difference between 1988 Code "to a spouse, former spouse, or child" and BAPCPA's "owed to or recoverable by ... a spouse, former spouse, or child."); *Nab v. Manard–Hester (In re Manard–Hester),* WL 2501142, at *3 (Bankr.D.Neb. Aug. 12, 2009) (determining that BAPCPA did not change the Eighth Circuit rule in *Kline* that attorney's fees in a domestic relations case awarded directly to the attorney can be excepted from discharge); *In re Tinnell,* No. BK 09–80160, WL 1664581, at *2 (Bankr.D.Neb. June 12, 2009) (stating that pre-BAPCPA case law supports a finding that debts payable to third parties may be support obligations under the post-BAPCPA provisions).

Indeed, nationwide, the overwhelming majority of courts have held that an award of attorney fees of a spouse, former spouse, or a child of a debtor in a divorce proceeding is a debt owed to such spouse, former spouse, or child even when the fees are payable directly to the attorney.  *Davis, Mathews & Quigley, P.C. v. Elhag (In re Elhag)*, 606 B.R. 500, 506 (Bankr. N.D. Ga. 2019) (see cases collected at footnote 6).

9

**C. An award of attorney fees related to the enforcement of issues involving child support or child custody that affect the welfare of the children automatically qualify as domestic support obligations, even if payable to the attorney for the party.**

Attorney fees awarded in dissolution proceedings to a party seeking to enforce child support, custody, or visitation rights, where the welfare of the child is a consideration, present a special case.  The fees qualify as domestic support obligations, *per se*, whether the award is payable to the attorney for the party or not.  *Amos v. Carpenter (In re Amos)*, 624 B.R. 657, 662  (8th Cir. BAP 2021) ("A majority of courts agree that attorney fee awards related to enforce or defend issues involving child support, visitation or custody that effect [*sic*] welfare of the children do qualify as domestic support obligations."); *see, Adams v. Zentz (In re Zentz)*, 963 F.2d 197, 200 (8th Cir. 1992) (affirming bankruptcy court's holding that attorney fees owed by the debtor are not a domestic support obligation where state court's "continuing focus [was] not upon how the child's welfare was threatened . . . but rather on how Zentz's conduct had impaired Adam's ability to maintain a relationship with his daughter.")

Of the attorney fees that Pawel was awarded, an estimated $49,896 related to child custody litigation (Affidavit of Counsel, p. 4) and, in resolving the child custody issue, the district court expressly and extensively considered the welfare of the children (J&D, pages 4-7).

## CONCLUSION

Accordingly, because the Debtor's Plan fails to provide for payment in full of her obligation to pay the $154,141.70 fee award to DeWitt, under Section 1325(a)(1), the Plan cannot be confirmed.

Dated March 6, 2026    **DEWITT LLP**

By: */s/ David A. Orenstein*
David A. Orenstein (#121447)
901 Marquette Avenue, Suite 2100
Minneapolis, MN 55402
612-305-1494
dao@dewittllp.com

Attorneys for Pawel Rzeczkowski

Dated March 6, 2026    **DEWITT LLP**

By: */s/ David A. Orenstein*
David A. Orenstein (#121447)
901 Marquette Avenue, Suite 2100
Minneapolis, MN 55402
612-305-1494
dao@dewittllp.com

Attorney for DeWitt LLP