UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

In re:                                          Chapter 13

Carolina Uribe Borrero,                         Case No. 26-40008

       Debtor.

MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS OF THE UNITED
STATES OF AMERICA, INTERNAL REVENUE SERVICE TO THE
CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

THE UNITED STATES OF AMERICA, Internal Revenue Service ("IRS"), by and through

its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and

Adine S. Momoh, Assistant United States Attorney, submits the following memorandum in support

of its objections to confirmation of the Chapter 13 plan (ECF No. 3) by Carolina Uribe Borrero (the

"Debtor").

**FACTS**

The relevant facts are set forth in the IRS's Objections to the Confirmation of the Debtor's

Chapter 13 Plan and, to avoid duplication, are incorporated by reference as if fully set forth in this

memorandum. Defined terms have the same meaning provided for in the objections.

**ARGUMENT**

The IRS objects to confirmation of the Debtor's Chapter 13 plan for five reasons. First, the

IRS has an unsecured priority claim of $116,496.50 and a general unsecured claim of $4,036.24

against the Debtor. The total claim is $120,532.74, as set forth in the IRS Proof of Claim (Claim

No. 3-1). No objections to the IRS's claims have been filed. Accordingly, the claims are deemed

allowed pursuant to 11 U.S.C. § 502(a).

Second, the plan fails to provide for the full payment of all claims entitled to priority under 11 U.S.C. § 507. *See* 11 U.S.C. § 1322(a). While the Debtors' plan provides that the Chapter 13 Trustee will pay the allowed portion of the priority amount listed in proofs of claim, and the IRS is identified as a priority creditor therein, the plan provides for only $73,000 to pay the IRS's priority claim. The plan fails to provide for the full payment of the IRS's priority claim, and the IRS does not agree to this different treatment. Accordingly, the plan cannot be confirmed.

Even so, the actual amount of the IRS's priority claim cannot be determined until the Debtor files her federal income tax return for 2025. The IRS may have additional priority and general unsecured claims due from the Debtor, but they are undetermined because the Debtor has not filed the aforementioned federal income tax return.

Third, the Debtor's plan cannot be confirmed because feasibility of the plan cannot be determined in accordance with 11 U.S.C. § 1322(a)(2). A Chapter 13 plan cannot be confirmed over the objection of a taxing authority based upon the failure of a debtor to file a required tax return, regardless of whether an estimated proof of claim has been filed. *See Dixon v. United States ex rel. IRS* (*In re Dixon*), 210 B.R. 610, 616 (Bankr. W.D. Okla. 1997). The Debtor has not filed her 2025 federal income tax return. Previously stated, while the Debtor's plan provides that the Chapter 13 Trustee will pay the allowed portion of the priority amount listed in filed proofs of claim, the plan fails to provide for the entirety of the IRS's priority claim. The IRS may have additional priority claims. But the actual amount of the IRS priority claim cannot be determined until the Debtor files her federal income tax return for 2025. Without a determination of the actual amount of the IRS priority claim, the feasibility of the Debtor's plan cannot be determined in accordance with 11 U.S.C. § 1322(a)(2).

Fourth, the Debtor's plan is not feasible and does not comply with 11 U.S.C. § 1325(a)(6). As the proponent of their plan, the Debtor bears the burden of proving the factors set forth in 11 U.S.C. §1325(a). *See* 11 U.S.C. § 1325(a)(6). The Debtor does not have sufficient income to fund a plan that provides for payments to the IRS of $116,496.50 for its priority claim. The Debtor's Schedule J shows monthly net income of - $13,896.56 to fund a plan. This amount is insufficient to fund a plan that properly provides for the IRS's claims and the other secured and priority claims included in the proposed plan. The plan is underfunded.

Fifth, pursuant to 11 U.S.C. § 1325(a)(9), the plan cannot be confirmed because the Debtor failed to file all applicable federal tax returns as required by 11 U.S.C. § 1308, namely, her 2025 federal income tax return. On February 4, 2026, the Section 341 Meeting of Creditors was held, and it concluded on February 5, 2026. To date, the Debtor's 2025 federal tax return remains unfiled.

In sum, the Debtor cannot establish that she can make all the payments under the plan and comply with that plan, the plan is underfunded and not feasible, and she has failed to file all applicable federal tax returns as required by Section 1308. Thus, the plan should not be confirmed. *Cf. In re Paulson*, 477 B.R. 740, 746 (B.A.P. 8th Cir. 2012) (affirming the bankruptcy court's decision to dismiss the case after several failed attempts by the debtor to propose a plan that would fairly treat creditors' secured claims); *accord In re Hogue*, 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987) ("Clearly, a Bankruptcy Court must refuse to confirm a Chapter 13 plan if it finds that the debtor will be unable to make all payments under the plan and otherwise comply with the proposed plan.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the IRS respectfully requests that the Debtor's Chapter 13 plan

be denied confirmation and further relief be ordered as may be just and equitable.

Dated: March 12, 2026

DANIEL N. ROSEN
United States Attorney

s/ *Adine S. Momoh*

BY: ADINE S. MOMOH
Assistant U.S. Attorney
Attorney ID Number 0390085
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Email: Adine.Momoh@usdoj.gov

Attorneys for the United States of
America, Internal Revenue Service