Filed in District Court
State of Minnesota
5/27/2025 10:14 AM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
FAMILY COURT DIVISION

---

In Re the Marriage of:

Pawel Dominik Rzeczkowski,

        Petitioner,

and

Carolina Uribe Borrero,

        Respondent.

Case Type: Dissolution with Children
Court File No. 27-FA-19-6324

**SUBSEQUENT ORDER RE: NEED-BASED
ATTORNEY FEES**

---

The above-entitled matter came before the Honorable Laura M. Thomas, Judge of District Court, when the Minnesota Court of Appeals remanded the matter to the district court with specific instructions for awarding Petitioner Pawel Dominik Rzeczkowski need-based attorney fees.

Petitioner Pawel Dominik Rzeczkowski is a self-represented litigant.

Respondent Carolina Uribe Borrero is a self-represented litigant.

Petitioner's former counsel, Robert Due and James Todd of DeWitt, LLP, submit evidence on their own behalf for purposes of the need-based attorney fee issue.

Based upon the Minnesota Court of Appeals' non-precedential opinion filed December 2, 2024 (Petition for further review denied on February 26, 2025), and all the files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. Pursuant to the Minnesota Court of Appeals' directions, the Court reopened the record to allow the parties to present further evidence and affidavit testimony regarding need-based attorney fees (1) incurred by Husband for trial on January 5, 6, and 7, 2022 (Judge Michael Burns, presiding); and (2) incurred by Husband on the first appeal (A22-0954).

2. Husband's jurisdictional objections set forth in correspondence to the Court on May 15 and 16, 2025, should be overruled because pursuant to Rule 103.03(b) the trial court retains jurisdiction as to matters independent of, supplemental to, or collateral to the order or judgment appealed from. Need-based attorney fees incurred at the 2022 trial, and the appeal that followed trial, is an issue independent of Husband's pending appeal.

3. **Need-Based Fees for Trial.** In its directions to the district court regarding attorney fees Husband incurred during the trial, the Court of Appeals refers to custody and spousal maintenance as good faith claims pursued by Husband that deserve an award of need-based attorney fees.

Filed in District Court
State of Minnesota
5/27/2025 10:14 AM

a. Husband's former attorneys ask for $99,472.95 in attorney fees which, Husband's former attorneys assert, does not include work related to the issue of the validity and enforceability of the Colombian documents).

b. Husband's former attorneys filed an affidavit on May 14, 2025, which the Court herein incorporates in its entirety including all findings of fact required for a valid and enforceable need-based attorney fee award.

c. The order below is consistent with directions from the Court of Appeals.

4. **Need-Based Fees for Appeal.** In its directives to the district court regarding fees Husband incurred during the first appeal, the Court of Appeals refers to spousal maintenance, child support, and attorney fees as good faith claims pursued by Husband on appeal that deserve an award of need-based attorney fees.

a. Husband's former attorneys ask for $54,668.75 in attorney fees for the first appeal A22-0954.

b. As stated above, Husband's former attorney's affidavit dated May 14, 2025, is incorporated in its entirety including all findings of fact required for a valid and enforceable need-based attorney fee award.

c. The order below is consistent with directions from the Court of Appeals.

5. Wife opposes any award to Husband for need-based attorney fees and she submits a 28-page analysis of why Husband should not be awarded need-based attorney fees and, if he is, she should be awarded fees against him for various reasons. Wife's arguments do not acknowledge the narrow task of the district court in this remand which is focused entirely on Husband's need-based attorney fees incurred during the trial of this case, and in his pursuit of the first appeal (A22-0954).

6. The Court issues the Order below directing Wife to pay Husband's attorneys directly because Husband continues to owe the law firm DeWitt, LLP, $296,391.81, which includes $13,093.36 in disbursements.

Based upon the Findings of Fact set forth above, the Court issues the following:

### ORDER

1. The objections asserted by Pawel Dominik Rzeczkowski to this Court issuing an order regarding need-based attorney fees he occurred for trial on January 5, 6 and 7, 2022, and appeal A22-0954 are hereby OVERRULED.

2. Carolina Uribe Borrero shall pay the sum of $99,472.95 to the DeWitt, LLP, law firm within 180 days of the date of filing of this Order as payment for Pawel Dominik Rzeczkowski's need-based attorney fees incurred in the trial of this matter.

Filed in District Court
State of Minnesota
5/27/2025 10:14 AM

3.  Carolina Uribe Borrero shall pay the sum of $54,668.75 to the DeWitt, LLP, law firm within 180 days of the date of filing of this Order as payment for Pawel Dominik Rzeczkowski's need-based attorney fees incurred in the appeal of this matter (A22-0954).

4.  Service of a copy of this Order shall occur through the Odyssey efile and eserve system, with courtesy copies emailed to any self-represented litigant who is not signed up for efile/eserve, and that shall be good and proper notice for all purposes.

**IT IS SO ORDERED.**

Dated:  May 27, 2025                    BY THE COURT,

Thomas, Laura
2025.05.27
09:46:11 -05'00'

Laura M. Thomas
Judge of Fourth District Court



June 20, 2025

**STATE OF MINNESOTA**

**IN COURT OF APPEALS**

**OFFICE OF APPELLATE COURTS**

---

In re the Marriage of:

Pawel Dominik Rzeczkowski, petitioner,

Appellant,

vs.

Carolina Uribe Borrero,

Respondent.

**O R D E R**

#A24-0059

---

Considered and decided by Schmidt, Presiding Judge; Ross, Judge; and Ede, Judge.

**BASED ON THE FILE, RECORD, AND PROCEEDINGS, AND BECAUSE:**

1.    We filed an opinion in this matter on December 2, 2024, affirming the district court in part, reversing in part, and remanding for further findings on the issue of attorney fees. Appellant filed a petition for further review in the supreme court, and respondent sought conditional cross-review. The supreme court denied review on February 26, 2025.

2.    Appellant filed a timely request for $300 in judgment costs. *See* Minn. R. Civ. App. P. 139.01(1). Respondent objects to the taxation. Appellant is the prevailing party on appeal, entitled to tax these costs.

3.    Appellant filed a separate motion for need-based attorney fees under Minn. Stat. § 518.14, subd. 1 (2024), seeking $29,297 in appellate attorney fees. Respondent

opposes the motion for attorney fees, and in the alternative asks us to remand the motion to the district court.

4. "On the court's own motion or the request of a party, a request for attorneys' fees may be remanded to the district court for appropriate hearing and determination." Minn. R. Civ. App. P. 139.05, subd. 2. The issue of need-based fees on appeal is linked to an issue remanded to the district court. Accordingly, we conclude it is appropriate for the district court to address the issue of attorney fees incurred in this appeal.

**IT IS HEREBY ORDERED:**

1. The motion for need-based attorney fees incurred on appeal is remanded to the district court.

2. The clerk of the appellate courts shall include judgment costs in the amount of $300 when entering judgment on appeal.

**Dated:** June 20, 2025        **BY THE COURT**

Kevin G. Ross
Opinion Judge

2