**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

|  |  |
|---|---|
| Carolina Uribe Borrero, | Chapter 13<br>Case No. 26-40008 |
| Debtor. | |

## ORDER REFERRING MATTER FOR MEDIATION

This case came before the court on the stipulation between the Debtor and DeWitt, LLP and Pawel Rzeczkowski [Doc 33]. In the stipulation, the parties jointly requested mediation on the objection to confirmation of the Debtor's Chapter 13 Plan [Doc 3] filed by DeWitt, LLP and Pawel Rzeczkowski [Doc 25] and the Motion filed by the Debtor objecting to the claim of DeWitt, LLP and Pawel Rzeczkowski [Doc 31]. Judge William J. Fisher has agreed to mediate the dispute.

IT IS ORDERED:

1.      The parties shall submit to mediation and shall appear and participate as ordered by the mediator.

2.      Judge William J. Fisher will serve as the mediator.

3.      The Mediating Judge is being appointed because of a judicial position as, and to act in the specific capacity as, a United States Bankruptcy Judge. By serving as a mediating judge, the Mediating Judge performs judicial duties. See, e.g., 28 U.S.C. § 651; Fed. R. Civ. P. 16(a)(5), (c)(2)(I); Fed. R. Bankr. P. 7016; Local Rule 9019-2; Code of Conduct for United States Judges, Canon 3(A)(4)(d). As such, the Mediating Judge and all persons assisting the Mediating Judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Mediating Judge's role as mediating judge.

BY THE COURT:

Dated: *March 25, 2026*

*s/ Katherine A. Constantine*
Katherine A. Constantine
United States Bankruptcy Judge