UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Carolina Uribe Borrero,                                    Case No. 26-40008-KAC

Debtor.

Pawel Rzeczkowski and DeWitt LLP,

Plaintiffs,

v.                                                         Adversary Proceeding No. _____

Carolina Uribe Borrero,

Defendant.

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Plaintiffs Pawel Rzeczkowski ("Pawel") and DeWitt LLP ("DeWitt"), through their undersigned attorneys, allege and state as follows

1.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3.      Defendant filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on January 2, 2026, commencing this bankruptcy case.  This case is now pending before this Court.

4.      Plaintiff Pawel Rzeczkowski ("Pawel") is the Defendant's ex-husband.

5.      Plaintiff DeWitt LLP ("DeWitt") is a limited liability partnership engaged in the practice of law and represented Pawel during his dissolution proceedings with the Defendant.

6.      Plaintiffs are creditors in this case having filed a Proof of Claim (Claim No. 9).

1

7.      In September of 2019, Pawel commenced marriage dissolution proceedings, entitled *In Re Marriage of Pawel Dominik Rzeczkowski and Carolina Uribe Borrero*, Hennepin County District Court File No. 27-FA-19-6324.

8.      In April of 2020, Pawel moved for temporary relief in the dissolution proceedings, seeking, among other things, an order directing the Defendant to pay, during the pendency of the proceedings, monthly financial support payments to Pawel and to cover various expenses relating to the parties' home, vehicles and other items.

9.      On August 12, 2020, the district court ruled on Pawel's motion, signing and filing its Findings of Fact, Conclusions, and Order on Temporary Relief in which the district court found that "[t]he financial disparity between the parties is large" and that Defendant had "substantial income" and "significant financial assets" whereas Pawel generally remained unemployed and had limited financial assets.

10.     Based on these financial findings, the district court ordered the Defendant to pay Pawel $2,500 per month in financial support, to pay the mortgage, insurance, and other costs of the homestead, and to pay the loans and insurance for their vehicles, along with their mobile phone bills, among other expenses.

11.     During the dissolution proceedings, the Defendant brought a motion to enforce the Columbian Documents, under which the vast majority of assets acquired during the parties' marriage were her non-marital assets.  Pawel moved the district court to declare the Columbian Documents invalid.  The district court ruled for Defendant that the Columbian Documents were valid and enforceable.

12.     Subsequently, in January of 2022, the district court conducted a three-day trial on the remaining contested issues in the proceedings:  child custody, spousal maintenance, child

2

support, and need-based attorneys' fees.  Specifically, the Defendant sought sole legal custody of the children and Pawel sought joint legal custody.  Pawel sought temporary spousal maintenance and child support from the Defendant and an award of need-based attorneys' fees in the amount of $111,542.

13.     In June of 2022, the district court entered its Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree (the "Judgment and Decree") dissolving the parties marriage and dividing the parties' marital estate, assets, debts and financial resources in accordance with the Columbian Documents.

14.     In the Judgment and Decree, the district court found in favor of Pawel on the child custody issue, determining that "joint legal custody is in the best interests of the children."  The district court denied Pawel's request for spousal maintenance and ordered the Defendant to pay child support to Pawel of $241 per month.

15.     As to Pawel's request for need-based attorney's fees, the district court found that "Father does not currently have the means to pay the attorney's fees due to his unemployment and lack of assets."  The district court further found that, in 2021, the Defendant's gross income, after business expenses, was approximately $350,920 and that she "does have the ability to pay need-based attorney's fees."  However, the district court denied Pawel's request for need-based fees finding that "the attorney's fees were not necessary for the good-faith assertion of Father's rights."

16.     Pawel appealed the judgment entered pursuant to the Judgment and Decree, challenging, among other things, the district court's denial of his request for need-based attorney fees.  The Court of Appeals reversed the district court's ruling denying need-based attorney fees and remanded the case for additional findings.

17.    In so ruling, the Court of Appeals noted that the district court found that Pawel established the financial requirements for an award of need-based attorney fees (the financial disparity between Pawel and the Defendant) and that the district court's finding of lack of good faith related solely to Pawel's assertion of rights regarding the validity and enforcement of the Columbian Documents.  The Court of Appeals noted that Pawel had asserted other rights – such as the right to legal custody of the children, on which he prevailed – and that "[b]ecause the district court's finding that Rzeczkowski acted in bad faith relates solely to his assertion of rights regarding the Columbian documents, we must remand for additional findings addressing whether an award of need-based attorney fees is necessary for Rzeczkowski's assertion of other rights that were made in good faith."

18.    By separate order, the Court of Appeals further instructed the district court to consider Pawel's request for attorney fees that he incurred on appeal.

19.    On remand, the evidence was that Pawel incurred fees of $99,472.95 for legal services in the dissolution proceedings, excluding all services relating to the issue of the validity and enforceability of the Columbian Documents plus $54,688.75 on the appeal of the Judgment and Decree, for total fees of $154,141.70.

20.    The district court again completely denied Pawel's request for an award of need-based attorney fees.  Pawel appealed the ruling.  The Court of Appeals again remanded the case to the district court to determine the amount of need-based fees to award Pawel.

21.    On remand, the district court issued a Subsequent Order Re:  Need-Based Attorney Fees, dated May 27, 2025 granting Pawel's request for $154,141.70 in need-based fees (the "Need-Based Attorney Fees Order.")  The district court further ordered the Defendant to pay the need-based fees directly to DeWitt.

4

22. Pawel remains liable for the fees that the district court ordered the Defendant to pay to DeWitt.

23. As of the date that Defendant filed her Chapter 13 case, she had failed to remit to DeWitt any of the fees that the district court ordered her to pay under the Need-Based Attorney Fees Order.

24. The Defendant's bankruptcy schedules identify DeWitt as a general unsecured creditor with a disputed claim for $155,000. Pawel is not listed as a creditor of any kind.

25. DeWitt and Pawel's Proof of Claim is for $154,141.70 and designates the claim as for a domestic support obligation under Section 507(a) of the Bankruptcy Code.

26. The Defendant has filed a Motion objecting to the Plaintiffs' Proof of Claim.

27. Plaintiffs have filed a Joint Objection to Confirmation of the Defendant's Chapter 13 Plan on the basis that the Plaintiffs' claim is a domestic support obligation entitled to payment in full under the Plan.

28. In her Chapter 13 Plan, the Defendant does not propose to pay Plaintiffs' claim in full and proposes to discharge the indebtedness.

29. Bankruptcy Code Section 101(14A) defines a domestic support obligation ("DSO") as a debt that is "owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative . . . that is in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated . . . established . . . before, on, or after the date of the order for relief . . . by reason of the applicable provisions of – a separation agreement, divorce decree, or property settlement agreement; [or] an order of a court of record . . ."

30. The award of fees by the district court is in the nature of spousal support because it was based on the district court's explicit consideration of the financial disparity between Pawel and the Debtor.

31. The award of fees by the district court was established by reason of the applicable provisions of an order of a court of record.

32. The award of fees by the district court does not lose its character as a DSO simply because the court ordered the Defendant to pay the fees directly to the law firm that represented Pawel in the dissolution proceedings – i.e., DeWitt.

33. The Defendant's obligation to pay Pawel's attorney fees in the amount of $154,141.70 is a DSO.

34. A DSO is non-dischargeable in a Chapter 13 under 11 U.S.C. § 523(a)(5).

WHEREFORE, DeWitt LLP and Pawel Rzeczkowski request judgment against the Defendant in the amount of $154,141.70; that the Court determine such indebtedness is excepted from discharge under 11 U.S.C. § 523(a)(5); for Plaintiffs' costs and disbursements; and for such other and further relief as the Court deems just and equitable.

Dated March 31, 2026                **DEWITT LLP**

By: _/s/ David A. Orenstein_
    David A. Orenstein (#121447)
    901 Marquette Avenue, Suite 2100
    Minneapolis, MN 55402
    612-305-1494
    dao@dewittllp.com

    Attorneys for Pawel Rzeczkowski

Dated March 31, 2026

**DEWITT LLP**

By: */s/ David A. Orenstein*

    David A. Orenstein (#121447)
    901 Marquette Avenue, Suite 2100
    Minneapolis, MN 55402
    612-305-1494
    dao@dewittllp.com

    Attorney for DeWitt LLP

4936-1733-3916, v. 1