UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Carolina Uribe Borrero,                                      Case No. 26-40008-KAC

Debtor.

## RESPONSE OF DEWITT LLP AND PAWEL RZECZKOWSKI IN OPPOSITION TO DEBTOR'S MOTION OBJECTING TO CLAIM

Pawel Rzeczkowski ("Pawel") and DeWitt LLP ("DeWitt") submit this response in opposition to the motion of Carolina Uribe Borrero (the "Debtor") objecting to their proof of claim no. 9 (the "Claim.")

### INTRODUCTION

The question Debtor's motion raises is whether the Debtor's state-court-ordered obligation to pay DeWitt $154,141.70 in attorney fees that Pawel incurred in his and the Debtor's dissolution action is a "domestic support obligation" under Section 101(14A) of the Bankruptcy Code. If so, it is entitled to priority payment under Section 507(a)(1)(A).

Section 101(14A) defines a domestic support obligation, in part, as one that is in the nature of alimony, maintenance or child support, ordered by a court of record, that the debtor owes to a former spouse, child, or child's parent. The Debtor contests only one of these requirements: that fee award is in the nature of alimony, maintenance or child support.

Hence, the narrow issue before the court is simply whether the attorney fees award of $154,141.70 is in the nature of maintenance (as alimony is now known in Minnesota) or child support.[1]

---

[1] In 1978, through the enactment of Minn.Stat. § 518.552, the Minnesota legislature replaced "alimony" with "maintenance." *Gales v. Gales*, 553 N.W.2d 416, 418 (Minn. 1996).

1

Under the controlling authority in the 8th Circuit, *Holliday v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir. 1995), the attorney fee award is in the nature of spousal maintenance because (1) the family court based the award, at least in part, on its determination that a financial disparity existed between the Debtor and Pawel, and (2) Pawel remains liable for the attorney fees.  In these circumstances, because the Debtor's payment of the fees relieves Pawel of an obligation to pay DeWitt, the fee award functions as support because every dollar of fees that the Debtor pays to DeWitt frees up a dollar of Pawel's funds to use for his own support.

Some of the fee award is in the nature of spousal maintenance <u>and</u> child support.  Attorney fee awards for fees incurred in enforcing or defending issues involving child support, visitation, or custody are *per se* "in the nature of child support," for purposes of determining whether a debtor's obligation to pay an ex-spouse's attorney fees is a domestic support obligation.  *Amos v. Carpenter* (*In re Amos*) 624 B.R. 657, 662 (8th Cir. BAP 2021).  In the instant case, of the $154,141.70 attorney fee award, $49,575.98 related to Pawel's successful efforts in the dissolution action to enforce his right to joint custody of the minor children.  (Affidavit of Counsel, p.4, Exhibit 4 hereto.)

The Debtor urges the court to consider that her financial circumstances have dramatically changed for the worse and that Pawel does not need the financial support because he willfully refuses to obtain gainful employment.  However, the Eighth Circuit BAP has held that changed financial circumstances are irrelevant in the context of determining whether a fee award is a domestic support obligation and has "rejected the concept that a 'needs test' is necessary to determine support obligations in bankruptcy[.]"  *Amos v. Carpenter* (*In re Amos*) 624 B.R. 657, 661 (8th Cir. BAP 2021)

2

The Debtor argues that the court should not find the fee award to be a domestic support obligation because doing so would be contrary to the best interests of the children. The factual predicate for the Debtor's argument is that she cannot afford to pay the fee award as a priority expense claim and also pay the children's living expenses.

The Debtor cites no 8th Circuit Court authority for this position that would, in effect, create a significant exception to the holding in *Kline*. Moreover, the authority that the Debtor relies on from outside the Eighth Circuit applies narrowly to a fee award that is determined to be in the nature of <u>child support</u>, not in the nature of spousal maintenance. In other words, the Debtor has cited no authority whatsoever for the proposition she urges: that a fee award in divorce proceedings that is in the nature of spousal maintenance is, nevertheless, not a priority expense, if the effect would be to impair the financial ability of the debtor to adequately support the children of the marriage.

**PROCEDURAL FACTS**

The Debtor filed her Chapter 13 petition and proposed Chapter 13 Plan (the "Plan") on January 2, 2026. DeWitt and Pawel filed the Claim on February 25, 2026. On March 9, 2026, DeWitt and Pawel filed a Joint Objection To Confirmation of the Plan [Docket #25] objecting to the Plan on the basis that it fails to treat the Claim as a priority claim.

On March 16, 2026, the Debtor filed the current Motion seeking to have the Claim disallowed as a priority claim and allowed as a general unsecured claim.

On March 31, 2026, DeWitt and Pawel filed an adversary proceeding, Adv. No. 26-04044, seeking a determination that the attorney fee award is non-dischargeable as a domestic support obligation under Section 525(a)(5).

This Response is filed in opposition to Debtor's Motion.

3

**FACTS GIVING RISE TO PRIORITY CLAIM**

1.     Pawel is the former husband of the Debtor.  They have two minor children.

2.     At the time Pawel and the Debtor were married, in 2011, they signed a pre-nuptial agreement and a post-nuptial agreement (the "Columbian Documents"), the purpose of which was to keep their assets and obligations separate.

3.     In September of 2019, Pawel commenced marriage dissolution proceedings, entitled  *In Re Marriage of Pawel Dominik Rzeczkowski and Carolina Uribe Borrero*, Hennepin County District Court File No. 27-FA-19-6324.

4.     In April of 2020, Pawel moved for temporary relief in the dissolution proceedings, seeking, among other things, an order directing the Debtor to pay, during the pendency of the proceedings, monthly financial support payments to Pawel and to cover various expenses relating to the parties' home, vehicles and other items.

5.     On August 12, 2020, the district court ruled on Pawel's motion, signing and filing its Findings of Fact, Conclusions, and Order on Temporary Relief (the "Temporary Relief Order.") (A copy of the Temporary Relief Order is attached hereto as Exhibit 1).  The district court found that "[t]he financial disparity between the parties is large" and that Debtor had "substantial income" and "significant financial assets." (Temporary Relief Order ¶¶ 22-23, 81).  By contrast, the court found that Pawel generally remained unemployed (Temporary Relief Order ¶13) and had limited financial assets (¶82).

6.     Based on these financial findings, the district court ordered the Debtor to pay Pawel $2,500 per month in financial support, to pay the mortgage, insurance, and other costs of the homestead, and to pay the loans and insurance for their vehicles, along with their mobile phone bills, among other expenses. (Temporary Relief Order ¶86)

4

7.      During the dissolution proceedings, the Debtor brought a motion to enforce the Columbian Documents, under which the vast majority of assets acquired during the parties' marriage were her non-marital assets.  Pawel moved the district court to declare the Columbian Documents invalid.  The district court ruled that the Columbian Documents were valid and enforceable.

8.      Subsequently, in January of 2022, the district court conducted a three-day trial on the remaining contested issues in the proceedings:  child custody, spousal maintenance, child support, and need-based attorneys' fees.  Specifically, the Debtor sought sole legal custody of the children and Pawel sought joint legal custody.  Pawel sought temporary spousal maintenance and child support from the Debtor and an award of need-based attorneys' fees in the amount of $111,542.

9.      In June of 2022, the district court entered its Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree (the "Judgment and Decree") dissolving the parties marriage and dividing the parties' marital estate, assets, debts, and financial resources in accordance with the Columbian Documents.  (A copy of the Judgment and Decree is attached hereto as Exhibit 2).

10.      In the Judgment and Decree, the district court found in favor of Pawel on the child custody issue, determining that "joint legal custody is in the best interests of the children."  (¶37). The district court denied Pawel's request for spousal maintenance (¶47) and ordered the Debtor to pay child support to Pawel of $241 per month (¶42).

11.      As to Pawel's request for need-based attorney's fees, the district court found that "Father does not currently have the means to pay the attorney's fees due to his unemployment and lack of assets."  (Conclusions of Law, No. 51).  The district court found that, in 2021, the Debtor's

gross income, after business expenses, was approximately $350,920 (Findings of Fact, No. 15) and that she "does have the ability to pay need-based attorney's fees." (COL, No. 52). However, the district court denied Pawel's request for need-based fees finding that "the attorney's fees were not necessary for the good-faith assertion of Father's rights." (COL, No. 53).

12.     Pawel appealed the judgment entered pursuant to the Judgment and Decree, challenging, among other things, the district court's denial of his request for need-based attorney fees. *Rzeczkowski v. Borrero*, WL 2762442 (Minn. App. April 3, 2023) (unpublished) (copy attached as Exhibit 3). The Court of Appeals reversed the district court's ruling denying need-based attorney fees and remanded the case for additional findings.

13.     By separate order, the Court of Appeals further instructed the district court to consider Pawel's request for attorney fees that he incurred on appeal.

14.     On remand, lead counsel for Pawel, Robert W. Due of DeWitt, submitted an Affidavit of Counsel documenting and quantifying the fees that Pawel incurred for legal services in the dissolution proceedings relating solely to the issues of child custody, spousal maintenance, child support, and attorney fees. That amount was $99,472.95. The amount **excluded** all services relating to the issue of the validity and enforceability of the Columbian Documents. (A copy of the Affidavit of Counsel is attached hereto as Exhibit 4.)

15.     Of  the $99,472.95, an estimated $49,575.98 related to the litigation of custody issues, on which Pawel prevailed. (Affidavit of Counsel, ¶ 7.)

16.     The Affidavit of Counsel also quantifies the fees that Pawel incurred on appeal of the Judgment and Decree – $54,668.75 – of which counsel estimated $27,571.38 related to the Colombian Documents issue and the remaining $27,097.38 related to the other issues that Pawel pursued on appeal.

17.     The district court again completely denied Pawel's request for an award of need-based attorney fees.  Pawel again appealed the ruling.  *Rzeczkowski v. Borrero*, WL 4926223 (Minn. App. Ct. Dec. 2, 2024) (unpublished) (attached as Exhibit 5).  The Court of Appeals again remanded the case to the district court to determine the amount of need-based fees to award Pawel.

18.     On remand, the district court issued a Subsequent Order Re:  Need-Based Attorney Fees, dated May 27, 2025 (the "Need-Based Fees Order"), granting Pawel's request for $99,472.95 in need-based fees relating to the district court proceedings, and $54,668.75 in need-based fees relating to the first appeal for a total of $154,141.70.  The district court further ordered the Debtor to  pay the need-based fees directly to Pawel's counsel, DeWitt LLP, "because [Pawel] continues to owe the law firm DeWitt LLP, $296,391.81."  (A copy of the Need-Based Attorney Fees Order is attached hereto as Exhibit 6 and to Debtor's Notice of Hearing and Motion as Exhibit A).

19.     Pawel remains liable for the fees that the district court ordered the Debtor to pay to DeWitt under the Subsequent Order.

20.     As of the date that Debtor filed her Chapter 13 case, Debtor had failed to remit to DeWitt any of the $154,141.70 in fees that the district court ordered her to  pay.

21.     In the event of a hearing on this motion, DeWitt and Pawel propose to call Robert W. Due, partner in DeWitt, to testify as to DeWitt's representation of Pawel in the dissolution proceedings and on appeal, including to all facts set forth in the Affidavit of Counsel attached to this Response, and Pawel's continuing obligation to DeWitt for attorney fees that Pawel incurred in connection with his dissolution proceedings.

### LEGAL ANALYSIS

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), which, among other things, amended the Bankruptcy Code to add the definition of

"domestic support obligation."  11 U.S.C. § 101(14A).  Pursuant to Section 101(14A), a domestic

support obligation is a debt:

  owed to or recoverable by –

  (i)      a spouse, former spouse, or child of the debtor or such child's parent, legal guardian,
          or responsible relative . . .

   in the nature of alimony, maintenance, or support . . . of such spouse or child of the debtor   or
  such child's parent, without regard to whether such debt is expressly so designated;

   established . . . by reason of . . .

     (i)      a separation agreement, divorce decree, or property settlement agreement;

     (ii)     an order of a court of record . . .

   not assigned to a nongovernmental entity, unless . . . assigned voluntarily . . . for purposes of
  collecting the debt.

A claim arising out of a domestic support obligation is a priority claim under Section

507(a)(1)(A) of the Bankruptcy Code.

  There is no dispute that the award of attorney fees DeWitt and Pawel claim in their Claim

meets the third and fourth prongs of a domestic support obligation.  The award was established

by reason of an order of a court of record and has not been assigned to a non-governmental

entity.  The Debtor also does not dispute that the debt is "owed to or recoverable by" a former

spouse, even though the fee award is payable to the attorney for the former spouse (DeWitt)

rather than to the former spouse (Pawel).[2]  The sole issue is whether the fees awarded are in the

nature of spousal maintenance or child support.

---

[2] In any event, the issue was settled under *Holliday v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir.
1995), a pre-BAPCPA case, in which the Court noted, "an award of attorney fees, if in the nature of
support, was nondischargeable even if payable to a third party."  The Court ruled:  "the statute [523(a)(5)]
continues to except from discharge attorney fees, even if payable to an attorney rather than to a former
spouse, if such fees are in the nature of maintenance or support of the former spouse or the child of the
debtor."  *In re Kline*, 65 F3d at 751.  *See Phegley v. Phegley (In re Phegley)*, 443 B.R. 154, 159 (8th Cir.

8

All of the need-based attorney fees that the district court awarded are based on the district court's determination that a large financial disparity existed between the Debtor and Pawel, such that Pawel lacked the financial ability to pay the fees whereas the Debtor had the means to do so. As the district court noted in its original Judgment and Decree, "To award need-based attorney's fees, the Court must find that the fees are necessary for the good-faith assertion of Father's rights, *that Father does not have the means to pay the attorney's fees, and that Mother does have the means to pay the attorney's fees*." (emphasis added). (Judgment and Decree COL 53); *See* Minn. Stat. §518.14.

In the Judgment and Decree, the district court specifically found that "Father does not currently have the means to pay the attorney's fees due to his unemployment and his lack of assets" and that "Mother does have the ability to pay need-based attorney's fees." (Judgment and Decree COL 51-52). The district court initially denied Pawel's request for need-based attorney fees, not based on a lack of financial need, but based on its finding that Pawel did not incur any of the fees in the good faith assertion of his rights in the proceeding, a finding that the Court of Appeals subsequently reversed.

Where an order awarding fees in a dissolution proceeding is specifically based, in whole or in part, on "the financial resources of both parties" – i.e., where one party can afford to pay the fees and the other cannot – the award is in the nature of maintenance and support of the former spouse. *Holliday v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir. 1995).

The decisive factor in determining whether a debt is in the nature of alimony, maintenance or support is the function that the award serves. *In re Kline*, 65 F.3d at 751. Where, as here, the

---

BAP 2011) (post-BAPCPA case holding that "even if the support obligation is owed directly to a third party," it qualifies as a domestic support obligation).

9

award is based on the disparate financial resources of the parties, and the ex-spouse in whose favor the award runs remains liable for the fees, the award serves a spousal maintenance function because the spouse benefitting from the fee award would otherwise be obligated to pay the fees out of his own pocket. The fee-shifting award frees up Pawel's judicially-determined limited resources (that would otherwise go to pay attorney fees) to pay his living expenses. Thus, the fee award functions "in the nature of" spousal maintenance. *In re Kline*, 65 F.3d at 751.

As Judge Kishel explained, under *Kline*, determining whether an award of attorney fees functions as alimony, maintenance or support is "a matter of simple economics" because "every dollar spent on attorney's fees is a dollar not available for the support of the [former spouse]." *Lakeman v. Weed (In re Weed)* 479 B.R. 533, 543 (Bankr. D. Minn. 2012). Hence, the debtor, in paying the fees awarded to the ex-spouse, "frees up" for the ex-spouse's maintenance and support funds that would otherwise have gone for attorney fees, in which case, "it is properly inferred that the award was 'in the nature of' support' . . . [.]" (*Id.*)

Debtor, in her motion objecting to the Claim, emphasizes the district court's finding that Pawel's financial stress was voluntary because he refused to apply for any position other than his ideal job. But, under *Kline*, if financial disparity between the parties is one of the grounds for a divorce court's decision to award attorney fees, the award is in the nature of spousal support. Period. Nothing in *Kline* suggests that the reason for the financial disparity is relevant.

The Debtor seeks to shift the court's focus to the changes in her financial circumstances (her loss of income and increased child-rearing expenses). But, the Eighth Circuit BAP expressly rejected that approach:

> [T]his Circuit has actually rejected the concept that a "needs test" is necessary to determine support obligations in bankruptcy. *Draper v. Draper*, 790 F.2d 52, 54 (8th Cir. 1986) quoting *In re Harrell*, 754 F.2d 902, 906 (11th Cir. 1985) ("The statutory language [of 11 U.S.C. § 523(a)(5)] suggests a simple inquiry as to

10

> whether the obligation can legitimately be characterized as support .... The language does not suggest a precise inquiry into financial circumstances to determine precise levels of need or support; nor does the statutory language contemplate an ongoing assessment of need as circumstances change.")

*In re Amos,* 624 B.R. 657, 662 (8th Cir. BAP 2021).

The Debtor also argues that Claimants' position would "turn the statute on its head" because prioritizing domestic support obligations is based on a policy of familial protection, and, if the Claim is deemed a domestic support obligation, the Debtor will be paying DeWitt funds that are necessary to support the children.  Debtor relies on case law from outside the 8th Circuit: *Lowther v. Lowther (In re Lowther)*, 266 B.R. 753, 759-60 (10th Cir. B.A.P. 2001) and *Manzi v. Susan P. Geenty, et al. (In re Manzi )*, 283 B.R. 103 (Bankr.D.Conn.2002).  Both cases stand for the narrow proposition that an award of attorney fees against a debtor that is in the nature of <u>child support</u> is, in unusual circumstances, dischargeable under Section 523(a)(5) of the Bankruptcy Code.

For example, in *In re Lowther*, the bankruptcy court ruled that an award of attorney fees in favor of the debtor's ex-husband arising out of a child custody dispute in their divorce proceedings was in the nature of child support and hence non-dischargeable under Section 523(a)(5).  The debtor appealed.

The 10th Circuit BAP relied on a previous decision of the 10th Circuit Court of Appeals, *Jones v. Jones (In re Jones)*, 9 F.3d 878, 882 (10th Cir. 1993), in which the issue was also whether an award of attorney fees in favor of the ex-spouse of the debtor, incurred in a custody dispute, was non-dischargeable as "in the nature of child support."   The *Jones* court held that, because in all custody actions, the court's ultimate goal is the welfare of the child, as a general rule, fees incurred in a custody dispute would be deemed "child support" and hence nondischargeable.  (*Id.*)

11

But, *Jones* carved out an exception to the general rule in "unusual circumstances," without specifying the nature of those circumstances.

The BAP determined that unusual circumstances exist where "a parent's income is so insubstantial that the obligation to pay attorney's fees will clearly affect the parent's ability to financially support the child for a significant duration[.]" *In re Lowther*, 266 B.R. at 759-60. Accordingly, the BAP reversed the bankruptcy court. *In re Manzi* followed the rationale in *Lowther*.

Even assuming that the same set of "unusual circumstances" identified in *Lowther* and *Manzi* are present in the instant case, the Debtor has cited no precedent from the 8th Circuit holding that there is an "unusual circumstances" exception to the *per se* rule, enumerated in *In re Amos*, that "fee awards related to enforce or defend issues involving child support, visitation or custody that [a]ffect the welfare of children qualify as domestic support obligations."

Moreover, even if there were such an exception in the 8th Circuit, it would only apply to the portion of the district court's fee award that arose out of the litigation between the Debtor and Pawel relating to child support and joint custody – i.e., $49,575.98 of the total award.  And, since that entire award is spousal maintenance under *Kline*, it makes no difference whether a portion of it is or is not in the nature of child support.  The bottom line is that, under *Kline*, the entire award is spousal maintenance, and hence qualifies as a domestic support obligation entitled to priority status. To do as Debtor suggests – to import the unusual circumstances exception from the 10th and 2nd Circuits and to apply it, in expanded form, to limit binding 8th Circuit precedent – would be to turn the doctrine of *stare decisis* on its head.  The court must reject this approach.

## CONCLUSION

Accordingly, Claimants request that the court deny the Debtor's motion to disallow the Claim as a priority claim.

Dated May 18, 2026          **DEWITT LLP**

         By: */s/ David A. Orenstein*

             David A. Orenstein (#121447)
             901 Marquette Avenue, Suite 2100
             Minneapolis, MN 55402
             612-305-1494
             dao@dewittllp.com

             Attorneys for Pawel Rzeczkowski

Dated May 18, 2026          **DEWITT LLP**

         By: */s/ David A. Orenstein*

             David A. Orenstein (#121447)
             901 Marquette Avenue, Suite 2100
             Minneapolis, MN 55402
             612-305-1494
             dao@dewittllp.com

             Attorney for DeWitt LLP

## VERIFICATION

I, Robert W. Due, a partner in the law firm of DeWitt LLP, declare under penalty of perjury that the facts set forth in the above Response are true and correct to the best of my knowledge, information, and belief.

Dated: May 18, 2026          */s/ Robert W. Due*

                                  Robert W. Due